### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

GEORGETTE VIGIL,

            Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

            Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4.      Plaintiff, Georgette Vigil, is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado.

5.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation operating from an address at 507 Prudential Road, Horsham, Pennsylvania, 19044.

7.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     The Defendant is licensed as a collection agency by the state of Colorado.

9.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

10.     The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11.     Sometime before December 2007 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

12.     The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.     The Account went into default with the original creditor.

14.     Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from the Plaintiff.

15.     In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

16.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to take the Plaintiff to Court including threatening that they were filing paperwork against her in Larimer County Court.

17.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to place a lien on the Plaintiff's home and to take the Plaintiff's home.

18.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to garnish the Plaintiff's wages.

19.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly called the Plaintiff at her place of employment after the Plaintiff repeatedly told the Defendant and / or representatives, employees and / or agents of the Defendant to stop calling her at work as she did not want to get in trouble for the telephone calls. The Defendant and / or representatives, employees and / or agents of the Defendant repeatedly asked for the Plaintiff's supervisor when they called the Plaintiff's place of employment. The Plaintiff never authorized the Defendant to contact her supervisor on her Account.

20.     On or about September 8, 2008 at or around 11:07 am Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the

Defendant called the Plaintiff attempting to collect the Account and left a voicemail message for the Plaintiff. The voicemail stated: "Hi Georgette, this is Andy Jackson contacting you from NCO. I am contacting you to make you aware of a situation that is taking place. This is in reference to a Capital One Visa that we do have to make a decision on. I do need to hear from either you and / or your representing party to see if we can get this matter taken care of. I am under the assumption that this is something that you would like to get resolved and if this is so, I do need to give my client that response. Contact my office at 888-899-6028 extension 4465. Again, its 888-899-6028 extension 4465. When calling back I do need you to refer to ID code (Redacted). Thank you."

21.    On or about September 10, 2008 at or around 11:50 am Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the Defendant called the Plaintiff attempting to collect the Account and left a voicemail message for the Plaintiff. The voicemail stated: "Georgette, this is Ms. Ellis calling from the claims division. I need you to contact my office back today. I am actually here until 5 pm Eastern Standard Time. You can reach my office at 1-800-227-4000 extension 4031. Ask to speak with Ms. Ellis. And again that number is 1-800-227-4000 extension 4031. Mam, due to federal and state stipulation I am prohibited from leaving a detailed message so make sure you do return the phone call before 5 o'clock Eastern Standard Time. Thank you."

22.    In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to

collect the Account repeatedly called the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff including calling the Plaintiff 5 times on 9/8/08, 6 times on 9/9/08 and 4 times on 9/10/08.

23.  The Defendant has not filed any legal action(s) against the Plaintiff.

24.  The Defendant has not received any judgment(s) against the Plaintiff.

25.  The Defendant has not placed any lien(s) against the Plaintiff's residence.

26.  The Defendant has not garnished the Plaintiff's wages.

27.  The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

28.  The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

29.  The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

30.  The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

31.  The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

32. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

33. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

34. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

35. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

36. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(5), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

39. The Defendant's violations are multiple, willful and intentional.

40. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.      Actual damages under 15 U.S.C. § 1692k(a)(1).

2.      Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,


_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff